| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| DAVID FRANKLIN WEST, | § |  |
|---|---|---|
| Plaintiff, | § § § | |
| versus | § | CIVIL ACTION NO. 1:16-CV-355 |
| G. EKEKE, *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff David Franklin West, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against G. Ekeke, T. Allen, M. Blalock, and Captain Llamas.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the action as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes

the objections are without merit. The magistrate judge correctly concluded that plaintiff's claims that he was denied access to the courts and denied due process in connection with a disciplinary hearing are frivolous and fail to state a claim upon which relief may be granted.

In his objections, plaintiff contends that the defendants denied him due process by confiscating his property in violation of prison policies. A claim of deprivation of property by persons acting under color of state law may be cognizable in § 1983 litigation under the Due Process Clause of the Fourteenth Amendment. However, where the deprivation was random and unauthorized, and the state has an adequate post-deprivation tort remedy, due process is satisfied. *Hudson v. Palmer,* 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor,* 451 U.S. 527 (1981); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct).

In this case, plaintiff alleges the deprivation of his property was random and unauthorized. The Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). As a result, plaintiff has failed to state a constitutional claim for the deprivation of his property.

## ORDER

Accordingly, plaintiff's objections (#30) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#26)

is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Plano, Texas, this 16th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE